Artemas Young, because he had no title, but as purchaser at the void sale of the equity, on the execution of the second attaching creditor.

*Judgment for the defendant.*

### BENJAMIN F. BUTLER *vs.* DANIEL R. KIMBALL.

An action may be maintained upon a note, against the maker, where the writ is made after sunset on the last day of grace, and is delivered to an officer on the next day, although there is no demand of payment before the writ is made.

ASSUMPSIT by the payee of a promissory note against the maker. The note bore date July 20th 1840, and was made payable to the plaintiff, or his order, in four months after date.

It was agreed by the parties, that the writ was made on the 23d of November 1840, after sunset, and was put into an officer's hands the next day, when it was served. No demand was made on the maker, before the writ was drawn.

On these facts, it was submitted to the court whether the action could be maintained.

*Butler, pro se.* The action, even if it is regarded as *commenced* when the writ was made, was not prematurely brought. *Whitwell* v. *Brigham*, 19 Pick. 117. *Swift* v. *Crocker*, 21 Pick. 241. The defendant could not have tendered payment after sunset of the last day of grace. Bac. Ab. Rent. I. Tender, D. *Savary* v. *Goe*, 3 Wash. C. C. 140. The plaintiff might therefore well commence this action, as soon as the time, within which a tender could be made, had expired. A plea of tender on the last day would be bad; it should be alleged to have been made on the last convenient hour of the day. But in case of negotiable notes, the maker is not entitled to the whole of the last day to tender payment. *Shed* v. *Brett*, 1 Pick. 401. *Church* v. *Clark*, 21 Pick. 310. *City Bank* v. *Cutter*, 3 Pick. 418.

The action may be regarded as *commenced* when the writ was given to the officer. *Seaver* v. *Lincoln*, 21 Pick. 267. *Bad-*

*ger* v. *Phinney*, 15 Mass. 359. *Robinson* v. *Burleigh*, 5 N. Hamp. 225. *Johnson* v. *Farwell*, 7 Greenl. 373.

*J. G. Abbott*, for the defendant. The maker of a note is entitled to the whole of the last day to make payment, unless demand of payment is made at a reasonable hour of that day ; and the note " is not suable until the day of maturity be passed, unless demanded on that day." *Greeley* v. *Thurston*, 4 Greenl. 483. *Lunt* v. *Adams*, 5 Shepley, 230.

The facts of this case do not show that the writ was made *provisionally*, as in the cases cited from 15 Mass. and 21 Pick. ; and the action must therefore be considered as commenced when the writ was filled up. *Gardner* v. *Webber*, 17 Pick. 407.

THE COURT ordered judgment to be entered for the plaintiff.

---

## JOHN A. MERRIAM *vs.* JONATHAN BACON.

A. and B. mortgaged their land to C. to secure a note made by A. payable to C. or his order: C. assigned the mortgage and note to D. but did not indorse the note; and A. had notice of the assignment: D. brought an action on the note, in the name of C., against A., and B. afterwards paid the amount of the note to C. and took his receipt. *Held*, that this payment, though made by B. in good faith, and without actual notice of the assignment, could not avail A. as a defence, whether it was made at his request or without his request; and that D. was entitled to judgment, in C.'s name, on the note.

ASSUMPSIT by the payee against the maker of a negotiable note dated January 24th 1837. Defence, payment.

At the trial, the defendant offered in evidence a copy of a mortgage deed, bearing the same date with that of the note, made by himself and Frederic Bacon to the plaintiff, conveying to him a tract of land, upon condition that if the defendant or said Frederic should pay to the plaintiff or his heirs, &c., $600 in one year, with interest, then said deed and note should be void ; also a receipt dated June 23d 1840, signed by the plaintiff, acknowledging that he had received the amount of the note from said Frederic. The plaintiff objected to the admission of this evidence, and offered to show that, before he gave the said receipt, he had assigned all his interest in the note, by mesne